IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION



UNITED STATES OF AMERICA )  CR. NO. 8:19-181

)
)  21 USC § 841(a)(1)
)  21 USC § 841(b)(1)(A)
)  21 USC § 846
)  21 USC § 952(a)
)  21 USC § 960(b)(1)(A)
)  21 USC § 960(b)(1)(B)
v.  )  21 USC § 960(b)(1)(F)
)  21 USC § 843(b)
)  21 USC § 963
)  21 USC § 844(a)
)  21 USC § 856(a)(1)
)  18 USC § 1952(a)(3)
)  18 USC § 1001(a)(2)
)  18 USC § 371
)  18 USC § 2
)  18 USC § 924(c)(1)(A)
)  31 USC § 5332(a)(1)
)  31 USC § 5324(a)
)  18 USC § 924(d)
)  21 USC § 853
CELEST HENRY BLOCKER  )  21 USC § 881
)  31 USC § 5317(c)(1)
)  31 USC § 5332(b)(2)
DANNY MORALES LOPEZ  )  28 USC § 2461(c)
)
)  SEALED INDICTMENT
)

## COUNT 1
Conspiracy to Possess with Intent to Distribute Controlled Substances

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around

2016, and continuing thereafter, up to and including the date of this Indictment, in the District of

South Carolina and elsewhere, the Defendants,

████████████████████████████████████████

████████████████████████████████████████

████ CELEST HENRY BLOCKER, ███████████████████████████

████████████ and DANNY MORALES LOPEZ, knowingly and intentionally did combine,

conspire and agree together and have tacit understanding with each other and others, both known

and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to

distribute heroin, cocaine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide

(commonly known as fentanyl);

     a.  With respect to ███████████████████████ the amount involved in the

conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or

substance containing a detectable amount of heroin, a Schedule I controlled substance,

5 kilograms or more of a mixture or substance containing a detectable amount of cocaine

and 400 grams or more of a mixture or substance containing a detectable amount of N-

phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as

fentanyl), both Schedule II controlled substances, in violation of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(A);

     b.  With respect to ████████████████████████ the amount involved

in the conspiracy attributable to him as a result of his own conduct, and the conduct of

other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or

substance containing a detectable amount of heroin, a Schedule I controlled substance,

5 kilograms or more of a mixture or substance containing a detectable amount of cocaine

2

and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

    c.   With respect to ███████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

    d.   With respect to ███████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

e.  With respect to ██████████████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f.  With respect to CELEST HENRY BLOCKER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

g.  With respect to ████████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

h.  With respect to ██████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance

4

containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

i.   With respect to DANNY MORALES LOPEZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
Conspiracy to Import Controlled Substances

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around September 2018, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants ███████████████ ███████████████████████████████████████ ████████████████████████ knowingly and intentionally did combine, conspire and agree together and have tacit understanding with each other and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully import, into the United States from a place outside thereof, that is, Mexico, heroin, cocaine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl);

a.   With respect to ████████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or

5

substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(A), 960(b)(1)(B) and 960(b)(1)(F);

b. With respect to ████████████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(A), 960(b)(1)(B) and 960(b)(1)(F);

c. With respect to ████████████████████ he amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as

6

fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(A), 960(b)(1)(B) and 960(b)(1)(F);

d.  With respect to ███████████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(A), 960(b)(1)(B) and 960(b)(1)(F);

All in violation of Title 21, United States Code, Section 963.

## COUNT 3
### Interstate Travel and Transportation in Aid of Drug Trafficking Business

THE GRAND JURY FURTHER CHARGES:

That on or about and between October 2, 2018 and October 4, 2018, in the District of South Carolina and elsewhere, the Defendants ████████████████████ ████████████████████████ as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, did travel in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity, that is, drug trafficking, and thereafter performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of that unlawful activity in violation of Title 21, United States Code,

7

Sections 841(a)(1), 846, 952(a) and 963;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 4
Conspiracy to Commit Bulk Cash Smuggling

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around October 2018, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, ████████████████████

████████████████████████████████████████

████████████████████████████ did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, to knowingly conceal more than $10,000.00 in currency, that is approximately $1,004,665.00 in United States currency, on his person and in a conveyance, article of luggage, merchandise, and other container, and to transport and transfer, and attempt to transport and transfer, such currency and monetary instruments from a place within the United States to a place outside the United States;

In violation of Title 18, United States Code, Section 371 and Title 31, United States Code, Section 5332(a)(1).

## COUNT 5
Bulk Cash Smuggling

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 2018, in the District of South Carolina, the Defendants,

8

██████████████████████████████████████████ with the
intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, did knowingly and willfully conceal more than $10,000.00 in currency, that is approximately $758,785.00 in United States currency, on his person and in a conveyance, article of luggage merchandise, and other container and did transport and transfer and attempt to transport and transfer such currency and monetary instruments from a place within the United States to a place outside the United States;

In violation of Title 31, United States Code, Section 5332(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6
Possession of a Firearm in Furtherance of Drug Trafficking

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 2018, in the District of South Carolina, the Defendant,
████████████████████████████ knowingly did possess a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 7
Possession of Cocaine

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 2018, in the District of South Carolina, the Defendants,
████████████████████████████████████████████████
as principals, aiders and abettors and co-participants in jointly undertaken criminal activity,

9

knowingly, intentionally and unlawfully did possess a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 844(a) and Title 18, United States Code Section 2.

### COUNT 8
False Statement to Federal Agents

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 2018, in the District of South Carolina, the Defendants, █████████████████████████████████████████████████████████████ as a principals, aiders and abettors and co-participants in jointly undertaken criminal activity, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Drug Enforcement Administration, an agency within the executive branch of the Government of the United States, knowing the same to be false, in that the Defendants, ███████████████████████████████████ ████████████████████████ made false statements to federal law enforcement agents concerning the ownership, source and purpose of $245,880.00 in United States currency found in the possession of ███████████████████████████ on October 23, 2018;

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

### COUNT 9
Interstate Travel and Transportation in Aid of Drug Trafficking Business

THE GRAND JURY FURTHER CHARGES:

That on or about December 18, 2018, in the District of South Carolina and elsewhere, the Defendant, ███████████████████████, as a principal, aider and abettor and co-participant

10

in jointly undertaken criminal activity, did travel in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity, that is drug trafficking, and thereafter performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of that unlawful activity in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 10
### Possession with Intent to Distribute and Distribution of Fentanyl

THE GRAND JURY FURTHER CHARGES:

That on or about December 18, 2018, in the District of South Carolina, the Defendant, ████████████████████ as a principal, as an aider and abettor and co-participant in jointly undertaken criminal activity, knowingly, intentionally and unlawfully did possess with intent to distribute and distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 11
### Interstate Travel and Transportation in Aid of Drug Trafficking Business

THE GRAND JURY FURTHER CHARGES:

That on or about January 28, 2019, in the District of South Carolina and elsewhere, the Defendants, ████████████████████ CELEST HENRY BLOCKER,

11

█████████████████████████████████████████████████ and DANNY MORALES LOPEZ, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, did travel in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity, that is, drug trafficking, and thereafter performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of that unlawful activity in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

### COUNT 12
Possession with Intent to Distribute and Distribution of Heroin

THE GRAND JURY FURTHER CHARGES:

That on or about January 28, 2019, in the District of South Carolina, the Defendants, ███████████████████████ CELESTE HENRY BLOCKER, █████████████████ ████████████████████████████ DANNY MORALES LOPEZ, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, knowingly, intentionally and unlawfully did possess with intent to distribute and distribute a kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

12

## COUNT 13
Maintaining a Drug-Involved Premise

THE GRAND JURY FURTHER CHARGES:

That from at least as early as 2016 through on or about February 2019, in the District of South Carolina, the Defendants, ████████████████████████████████ ████████████████████████████████████████ and others, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, did knowingly open, lease, rent, use and maintain a place, that is, a building located at 4090 Jefferson Davis Road in Mountville, South Carolina, for the purpose of unlawfully manufacturing, storing and distributing controlled substances, that is, a quantity of mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

## COUNT 14
Conspiracy to Structure Transactions to Evade Reporting Requirement

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around 2017, and up to and including the date of this Indictment, in the District of South Carolina, the Defendants, ████████████████████████████████ knowingly and intentionally did conspire and agree, with each other and others known and unknown, to commit the offense of Structuring in violation of Title 31, United States Code, Section

13

5324(a); that is, knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations thereunder, structuring, assisting in structuring, and attempting to structure financial transactions with one or more domestic financial institutions (to wit, First Citizens Bank and GrandSouth Bank). The deposits made into the listed accounts referenced below were overt acts committed, in and affecting the District of South Carolina and elsewhere, in furtherance of the conspiracy and to effect the objects of the conspiracy:

| Date | Deposit | Financial Institution | Account Number |
|------|---------|----------------------|----------------|
| September 20, 2017 | $4,000.00 | First Citizens Bank | xxxxxx-0443 |
| September 20, 2017 | $5,000.00 | First Citizens Bank | xxxxxx-0443 |
| October 31, 2017 | $5,000.00 | First Citizens Bank | xxxxxx-0443 |
| October 31, 2017 | $6,000.00 | First Citizens Bank | xxxxxx-0443 |
| December 20, 2017 | $3,000.00 | First Citizens Bank | xxxxxx-4427 |
| December 20, 2017 | $2,600.00 | First Citizens Bank | xxxxxx-0443 |
| December 20, 2017 | $1,000.00 | First Citizens Bank | xxxxxx-4865 |
| December 21, 2017 | $4,000.00 | First Citizens Bank | xxxxxx-0443 |
| December 21, 2017 | $4,000.00 | First Citizens Bank | xxxxxx-0443 |
| December 26, 2017 | $2,000.00 | First Citizens Bank | xxxxxx-4427 |
| April 26, 2018 | $4,000.00 | First Citizens Bank | xxxxxx-0443 |
| April 27, 2018 | $2,800.00 | First Citizens Bank | xxxxxx-0443 |
| April 30, 2018 | $6,000.00 | First Citizens Bank | xxxxxx-0443 |

| Date | Deposit | Financial Institution | Account Number |
| --- | --- | --- | --- |
| July 17, 2018 | $7,000.00 | GrandSouth Bank | xxx-1081 |
| July 24, 2018 | $5,000.00 | First Citizens Bank | xxxxxx-0443 |
| July 31, 2018 | $8,000.00 | First Citizens Bank | xxxxxx-0443 |
| July 31, 2018 | $9,000.00 | GrandSouth Bank | xxx-1081 |
| August 14, 2018 | $8,200.00 | GrandSouth Bank | xxx-1081 |
| October 9, 2018 | $8,000.00 | GrandSouth Bank | xxx-1081 |
| October 11, 2018 | $4,000.00 | First Citizens Bank | xxxxxx-0443 |
| October 11, 2018 | $1,000.00 | First Citizens Bank | xxxxxx-4865 |
| October 12, 2018 | $9,000.00 | First Citizens Bank | xxxxxx-4427 |
| October 12, 2018 | $7,000.00 | GrandSouth Bank | xxx-1081 |
| October 15, 2018 | $7,000.00 | GrandSouth Bank | xxx-1081 |
| October 16, 2018 | $7,000.00 | GrandSouth Bank | xxx-1081 |
| October 17, 2018 | $4,000.00 | GrandSouth Bank | xxx-1081 |

All in violation of Title 18, United States Code, Section 371.

### COUNTS 15-22
Unlawful Use of a Communication Facility

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the Defendants, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, knowingly and intentionally did use a communication facility,

15

to wit: a telephone, to facilitate the commission of a felony under the Controlled Substances Act, that is, conspiracy to import and possess with intent to distribute distribution of heroin, a Schedule I controlled substance, and cocaine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952 and 963;

| COUNT | DATE | DEFENDANT |
|---|---|---|
| 15 | September 25, 2018 | ████████████████ |
| 16 | October 3, 2018 | ████████████████ |
| 17 | October 16, 2018 | ████████████████ |
| 18 | October 21, 2018 | ████████████████ |
| 19 | October 23, 2018 | ████████████████ |
| 20 | December 18, 2018 | ████████████ |
| 21 | January 28, 2019 | ████████████<br>CELEST HENRY BLOCKER<br>████████████<br>DANNY MORALES LOPEZ |
| 22 | January 30, 2019 | ████████████████ |

16

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

17

**FORFEITURE**

1. <u>DRUG OFFENSES:</u>

Upon conviction for felony violations of Title 21, United States Code, as charged in this Indictment, the Defendants, ███████████████████████████ ████████████████████████████████████████ ████████████████████████ CELEST HENRY BLOCKER, ██████████████████████████████████████ DANNY MORALES LOPEZ, shall, pursuant to 21 United States Code, Sections 853 and 881(a)(6), and Title 28, United States Code, Section 2461(c), forfeit to the United States all of the defendants' right, title and interest in and to any property, real and personal,

    (a)    constituting, or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

    (b)    used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

    (c)    any firearms and ammunition (as defined in 18 U.S.C. Section 921) -

        (1)    used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

        (2)    involved in or used in any knowing violations of 18 U.S.C. Sections 922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence;

2. <u>BULK CASH SMUGGLING OFFENSES:</u>

Upon conviction for one or more violations of Title 31, United States Code, Section 5332(a)(1), as charged in this Indictment, the Defendants ████████████████████ ████████████████████████████████████████████████████

18

and ███████████████████████ shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5332(b)(2) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offenses, and any property traceable thereto;

3.    STRUCTURING OFFENSE:

Upon conviction of a violation Title 31, United States Code, 5324(a), Title 18, United States Code, Section 371, and Title 18, United States Code, Section 2, as charged in this Indictment, the Defendants, ████████████████████████████████ ████████ shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), any and all of these defendants' right, title, and interest in all property, real or personal, involved in such offenses, or all property traceable thereto;

4.    PROPERTY:

A.    CURRENCY/MONETARY INSTRUMENTS:

All United States currency and monetary instruments credited to accounts at:

1.  $758,785.00 in U.S. currency seized October 23, 2018, from ████████████ ████████████████ Asset ID: 19-DEA-646348;

2.  $245,880.00 in U.S. currency seized October 23, 2018, from ██████████ ████████████████████ Asset ID: 19-DEA-646650;

3.  First Citizens Bank account number: xxxxxx-0443 in the names of ████████ ████████████████████

4.  First Citizens Bank account number: xxxxxx-4865 in the names of ████████ ████████████████████

5.  First Citizens Bank account number: xxxxxx-4427 in the names of ████████ ████████████████████

6.  GrandSouth Bank account number: xxx-1081 in the names of ██████████ ████████████████████████

B.     **CASH PROCEEDS/MONEY JUDGMENT:**

A sum of money equal to all proceeds the defendants obtained, directly or indirectly, from the Title 21 offenses and/or a sum or money equal to all property involved in the Title 31offenses as charged in the Indictment, and all proceeds traceable thereto, for which the defendants are liable.

C.     **REAL PROPERTY:**

320 Scenic Lake Court
Piedmont, South Carolina 29341
Greenville County, South Carolina 29673
In the Names of: ███████████████████████
TMS: 0583-10-01-011.00

Lot: 011.00 Block: 01 Tract No: A Map Ref: MB 47-S PG 58 Abbreviated Description: LOT:   011.00   BLK:01 SUBD:ASHMORE LAKES TR#:A MAP 0583.10; 11 PH1 MAP REF:MB 47-S PG 58

517 Ninety-Six Highway
(1.74 acres, Lot A)
In the names of 2621 Cambridge Avenue,
E, LLC and Donald Thomas
TMS: 6855-912-061

ALL that certain piece, parcel or tract of land, situate, lying and being on S.C. Highway #34 in the County of Greenwood and State of South Carolina, containing ONE and 74/100 (1.74) ACRES, more or less, being triangular in shape, and being bounded as follows:   On the East by lands of Robert and Sara Ellis and by lands of Cora S. Riddle and Boyd Luther Riddle; on the South by S.C. Highway #34; and on the Northwest by an exit road from Highway 72 By-Pass to S.C. Highway #34. This property is subject to the rights-of-way of the surrounding highways.

This property being conveyed is identified as Lot A on a plat made by Thomas C. Anderson, Surveyor, prepared for S.I. Moore dated May 9, 1947, and recorded in Plat Book 3, at Page 95, Office of the Clerk of Court for Greenwood County, S.C. Since the aforesaid survey, a portion of Lot A has been incorporated into the South Carolina Highway System.   The Grantors hereby convey all their right, title and interest in and to Lot A to the Grantee.

D.     **SUBSTITUTE ASSETS:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

20

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third person;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to an amount equivalent to the value of the above-described forfeitable property.

Pursuant to Title 18, United States Code, Section 924(d); Title 21, United States Code, Sections 853 and 881; Title 31, United States Code, Sections 5317(c)(1), 5332(b)(2) and Title 28, United States Code, Section 2461(c).

A _____True_____ Bill

REDACTED
_____
FOREPERSON

SHERRI A. LYDON (LW/jl)
UNITED STATES ATTORNEY

21